IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:19-CV-81-FL

| | |
|---|---|
| JEANE GREGORY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| RICHARD WHITNEY Attorney of Gust Rosenfeld PLC; and GUST ROSENFELD PLC, | ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court on motion (DE 10) by defendant Gust Rosenfeld PLC ("Gust Rosenfeld") to dismiss all claims against it for lack of jurisdiction and for improper venue, or, in the alternative to transfer venue to the United States District Court for the District of Arizona. Plaintiff has responded in opposition, and in this posture the issues raised are ripe for ruling.[1] For the following reasons, the motion is granted and the case is transferred to the District of Arizona.

**BACKGROUND**

Plaintiff commenced this action pro se by complaint filed in this court on May 29, 2019, asserting claims against an Arizona attorney and his law firm, who allegedly represented plaintiff in connection with state court proceedings for sale of property in Arizona of plaintiff's deceased mother, for whom plaintiff allegedly served as executor in 2011 based upon a California will. Plaintiff proceeds on the basis of diversity of jurisdiction, asserting claims suggesting deception and

---

[1] Also pending is plaintiff's motion for summary judgment, which is not yet ripe.

malpractice on the part of defendants. Plaintiff seeks compensatory damages in the amount of $10,000,000.00.

On June 24, 2019, defendant Gust Rosenfeld filed the instant motion to dismiss plaintiff's claims against it,[2] under Federal Rule of Civil Procedure 12(b), on the basis of lack of personal jurisdiction and improper venue. In the alternative, defendant Gust Rosenfeld seeks an order transferring the case to the United States District Court for the District of Arizona under 28 U.S.C. § 1404(a). In support of its motion, defendant Gust Rosenfeld relies upon a declaration of its general counsel, Charles W. Wirken ("Wirken").

Plaintiff responded in opposition to the motion, relying upon exhibits including: 1) Arizona property records; 2) correspondence between plaintiff, her husband, and attorneys in Arizona and Califor80; 3) filings in Arizona state court; 4) information about the Arizona State Bar; and 5) a portion of a last will and testament of Susana S. Sabado, resident of Santa Clara County, California.

Plaintiff filed a motion for summary judgment on July 31, 2019, which is not yet ripe for ruling.

**STATEMENT OF FACTS**

The facts alleged in the complaint may be summarized as follows. Plaintiff is a resident of New Bern, North Carolina. Defendant Gust Rosenfeld is a law firm in Phoenix, Arizona. Defendant Whitney was an attorney of Gust Rosenfeld in Arizona. Plaintiff's allegations comprise the following statements:

> An Arizona Legal firm of some sixty attorneys lied to and deceived me into signing documents to sell property I owned. They claimed to by 'my attorneys' and knew what needed to be done. They were really working for other attorneys against me,

---

[2] Defendant Gust Rosenfeld filed on the same date a suggestion of death of defendant Richard Whitney ("Whitney"), who died on March 23, 2019.

2

> my interests and my mother's estate. The documents were illegal per the Arizona Court!

(Compl. p. 4).

> My California mother died leaving property in Arizona. I am Executor of her Will. Two CA lawyers attempted to sell it, illegally. They put Whitney / Rosenfeld onto me. They told me they were my attorneys, I needed to sign papers as Executor to complete a sale. The 'sale' went through. I complained to Whitney / Rosenfeld about issues as Executor. Turned out Whitney / Rosenfeld were working for the CA lawyers, NOT for me. Summed up by Maricopa County Court - ' it is obvious that the intformal probate was established for the sole purpose of completing the sale of property, and absolutely beyond the powers authorized by Arizona law and the powers issued by this Court.' - Minute Entry 11/08/2011 Case PB 2011-001579  I was not the Executor! I was duped!

(Id.).

> I am certain that what Whitney/Rosenfeld PLC did blow all of the tenets of the American Legal System out of the water. I am certain the actions of Whitney/Rosenfeld PLC regarding a California Will, a Will's Executory, deceiving a North Carolina woman into signing illegal documents, and walking away. I can go on and on and on emails from Whitney / Rosenfeld and subsequent words from the court prove that Whitney/Rosenfeld did absolutely nothing that JQ Public has been led to believe that the American Legal System is supposedly noted for! Suffice to say I do not believe $10,000,000 is outrageous, their practice of law is outrageous!

(Id. at 5).

## DISCUSSION

A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(2) allows for dismissal of a claim for lack of personal jurisdiction. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable

3

inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993)( "[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

Rule 12(b)(3) allows for dismissal of a claim for improper venue. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In addition, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

B.  Analysis

1.  Personal Jurisdiction

"A lawful assertion of personal jurisdiction over a defendant requires satisfying the standards of the forum state's long-arm statute and respecting the safeguards enshrined in the Fourteenth Amendment's Due Process Clause." Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012). Where, as here, "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause, . . . the dual jurisdictional requirements collapse into a single inquiry" into whether personal jurisdiction comports with due process. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001).

The due process inquiry "can be undertaken through two different approaches – by finding

specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." ALS Scan, Inc. v. Digital Serv. Consul., Inc., 293 F.3d 707, 711 (4th Cir. 2002). To establish general jurisdiction, a plaintiff must make a "more demanding showing of continuous and systematic activities in the forum state." Universal Leather, 773 F.3d 558-59.

"To decide whether specific jurisdiction exists, we examine (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004) (quotations omitted); see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-76 (1985). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 283-84 (2014) (quotations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284.

A single contract may demonstrate purposeful availment of plaintiff's forum. Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 190 (4th Cir. 2016). However, to serve as a basis for personal jurisdiction "the continuing obligations" underlying the contract must "strengthen a defendant's contacts with the plaintiff's forum." Id. at 191. Moreover, "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." Burger King, 471 U.S. at 474 (internal quotation omitted).

"[T]o assess a party's purposeful availment" "in the business context" the court considers the following nonexclusive factors:

5

> whether the defendant maintains offices or agents in the forum state; owns property in the forum state; reached into the forum state to solicit or initiate business; deliberately engaged in significant or long-term business activities in the forum state; or made in-person contact with the resident of the forum in the forum state regarding the business relationship. We also consider whether the parties contractually agreed that the law of the forum state would govern disputes; whether the performance of contractual duties was to occur within the forum; and the nature, quality and extent of the parties' communications about the business being transacted.

Perdue Foods, 814 F.3d at 189 (quotations omitted).

In this case, plaintiff has not demonstrated that defendant Gust Rosenfeld purposefully availed itself of the privileges of doing business in North Carolina. The complaint does not allege activities by defendant Gust Rosenfeld in North Carolina, but rather alleges that it and defendant Whitney told plaintiff that she needed to sign papers as executor to complete a sale of property in Arizona, pursuant to instructions from certain other California attorneys for purposes of executing a California will for plaintiff's mother who died in California. (Compl. p. 4). Plaintiff describes proceedings and rulings in an Arizona state court. (Id. pp. 4-5). Plaintiff alleges that defendants deceived her into "signing documents to sell property," which "documents were illegal per the Arizona Court." (Id. p. 4).

Plaintiff's response to the instant motion and exhibits attached thereto also does not allege activities by defendant Gust Rosenfeld in North Carolina, but rather confirms that alleged legal proceedings took place in Arizona concerning the sale of property in Arizona by attorneys allegedly representing plaintiff in such proceedings, with additional probate-related activities in California. (See Resp. pp. 1-5). Plaintiff attaches ownership information for a property in Arizona; emails from John C. Glaser, a "California Attorney," and defendant Whitney, an "Arizona Attorney," to plaintiff; a filing made by defendant Whitney / defendant Gust Rosenfeld in Arizona state court; minute entry by the Arizona state court; correspondence from plaintiff to defendant Whitney / defendant Gust

6

Rosenfeld; and a portion of her mother's will. (Resp. Exs. (DE 14-1 to 14-6). Thus, contacts by defendant Whitney and defendant Gust Rosenfeld with plaintiff were for purposes of legal proceedings in Arizona not for any proceedings in North Carolina.

Moreover, neither defendant Whitney nor defendant Gust Rosenfeld sought out plaintiff's business in North Carolina, and Gust Rosenfeld does not solicit business in North Carolina. (Wirken Decl. ¶¶ 12-13). Defendant Gust Rosenfeld has no offices, agents, or property, in North Carolina. (Id. ¶ 14). Defendant Whitney represented plaintiff in the Arizona probate proceedings and performed all work in Arizona. (Id. ¶ 17). A California attorney acting as trustee for plaintiff's mother's family trust in California asked defendant Whitney to open an ancillary probate in Arizona. (Id. ¶ 9). Defendant Whitney did not visit plaintiff in North Carolina, and communications were limited to letters sent to plaintiff for the probate proceedings, documents to sign, and emails with plaintiff's husband. (Id. ¶ 18; see Resp. Ex. (DE 14-2)).

In sum, considering the combination of factors bearing upon personal jurisdiction, plaintiff has not demonstrated defendant Gust Rosenfeld purposefully availed itself of the privilege of doing business in North Carolina. Accordingly, this court lacks specific jurisdiction over defendant Gust Rosenfeld, and plaintiff cannot meet the more demanding showing of general jurisdiction.

2. Transfer or Dismissal

Because jurisdiction is lacking here, but jurisdiction and venue is proper in Arizona, transfer rather than dismissal is warranted. Section 1406(a) "authorize[s] transfers in cases where . . . personal jurisdiction is lacking or some other impediment exists that would prevent the action from going forward in [this] district." In re Carefirst of Maryland, Inc., 305 F.3d 253, 255–56 (4th Cir. 2002). Here, venue is proper in the United States District Court for the District of Arizona because

a substantial part of the alleged events giving rise to plaintiff's claims occurred in Arizona, and property at issue in the underlying proceedings in Arizona was in Arizona and California. 28 U.S.C. § 1391(b). In addition, defendant Gust Rosenfeld is unquestionably subject to personal jurisdiction in Arizona because that is its principal place of business.

Therefore, the court grants defendant's alternative request to transfer the case to the District of Arizona. The court leaves for consideration by that court of plaintiff's motion for summary judgment, not yet ripe.

## CONCLUSION

Based on the foregoing, defendant Gust Rosenfeld's alternative motion to transfer venue (DE 10) is granted. Where the court lacks personal jurisdiction over defendant Gust Rosenfeld, and where venue is proper in Arizona, this matter is transferred to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1406(a).

SO ORDERED, this the 7th day of August, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge